IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 4:11-CR-101-021 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| Ryan Davis, | ) | |
| Defendant. | ) | MEMORANDUM OPINION |

This matter is before the Court on Defendant's motion for jail time credit. ECF # 725. After trial in this case, the Court sentenced Defendant to forty-six month's imprisonment to run concurrently with his state sentence. Defendant contends the Court erred in not granting him credit under 18 U.S.C.A. § 3585 for 324 additional days he spent in federal custody. However, the Court lacks jurisdiction to grant jail time credit. Therefore, the Defendant's motion for jail time credit is DENIED.

The Court lacks the jurisdiction to grant the Defendant credit for his time served. As stated in § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." While the statute omits the actor who shall grant time served, courts interpret the responsibility as belonging to the state's Attorney General, through the Bureau of Prisons (BOP). *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Yet, even though § 3585(b) no longer mentions the Attorney General, we do not see how he can avoid determining the amount of a defendant's jail-time credit"). Thus, the Court can recommend credit for time served when imposing a sentence, but lacks the authority to grant credit for time served. *Id.*

Additionally, absent exhausting administrative remedies, the Court cannot hear the case. The BOP has detailed guidelines to assess credit for time served and federal regulations ensure prisoners administrative review of their credit computation. *Id.* Without exhausting the BOP's administrative remedies, the issue is non-justiciable. *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1991) ("[I]t is settled law that [credit computation] is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit").

For these reasons, the Court finds that it lacks the proper jurisdiction to grant Defendant's motion for jail time credit under 18 U.S.C.A. § 3585. Thus, Defendant's motion is DENIED.

IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Judge

DATED: July 16, 2014